# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL PETERS, individually and on behalf of himself and all others similarly situated; JESSICA ABELOE, FREDERICK BRIERE, WINONA GIBBS, KYLAN JENSEN, LISA WENGER, DAVID WHARTON, HECTOR BRAVO, CHERYL DUNCAN, ATHENA GARDENIER, JACK GIBBS, PATRICK GRAY, BRIANNE HANSON, AMBER JENSEN, DAWN LEE, JANET LOOMIS, RAYMOND MINES, MEGAN MURPHY HOFFMAN, ALEXA OLSON-FRANKS, RHONDA PARSONS, REBECCA ROGENES, ALISHA ROSELEIP, KIMBERLY RUDNINGEN, AARON RUDNINGEN, THURMAN WESTERBY, and JANE DOE, | Case No.:  CV-25-51-GF-JTJ |
| | |
| | **ORDER** |
| Plaintiffs, | |
| v. | |
| SHERIDAN MEMORIAL HOSPITAL ASSOCIATION, a Domestic Non-Profit Corporation; BILLINGS CLINIC, a Domestic Non-Profit Corporation, and KODY NELSON, Individually, | |
| Defendants. | |

## I.   BACKGROUND

Plaintiffs filed a Complaint against Defendants Sheridan Memorial Hospital

Association (SMHA), Billings Clinic, and Kody Nelson (Nelson) alleging violations

1

of the Fair Labor Standards Act (FLSA) and the Montana Minimum Wage and Overtime Compensation provisions. (Doc. 1). Billings Clinic filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a brief in support, contending that Plaintiffs' claims fail to state a claim against it because it is not their employer. (Docs. 8 and 9). Nelson filed a  Motion to Dismiss and brief in support on the same basis. (Docs. 12 and 13). Plaintiffs  opposed both motions. (Docs. 14 and 16). The Court heard oral argument on these motions on October 15, 2025. (Doc. 38).

On October 14, 2025, Plaintiffs filed a Motion for Temporary Restraining Order and Motion for Preliminary Injunctive Relief (Motion for TRO) and a brief in support. (Docs. 34 and 35). The gravamen of the Motion for TRO was Plaintiffs' claim that the Defendants changed Plaintiffs' working conditions in retaliation for Plaintiffs asserting wage claims against them. The Plaintiffs' Motion for TRO was discussed during the October 15, 2025 hearing.

Following the hearing, the Court provided Plaintiffs until October 24, 2025, to file an Amended Complaint. (Doc. 39). The Court further provided Billings Clinic, SMHA, and Nelson until October 27, 2025, to file a brief in opposition to Plaintiffs' Motion for TRO. (Id). The Court also provided Plaintiffs with the opportunity to file a reply by October 29, 2025. (Id).

On October 24, 2025, Plaintiffs filed an Amended Complaint. (Doc. 40). The Amended Complaint does not make any retaliation claim. (Id). On October 27, 2025,

Billings Clinic filed its response opposing Plaintiffs' Motion for TRO. (Doc. 41). On October 27, 2025, SMHA and Nelson filed their Response opposing Plaintiffs' Motion for TRO. (Doc. 42). On October 29, 2025, Plaintiffs filed their reply. (Doc. 44).

Based upon the filing of the Amended Complaint, the Court dismissed both Billings Clinic's and Nelson's Motion(s) to Dismiss as moot. (Doc. 48). In consideration of the parties' briefs, the Court denies Plaintiffs' Motion for TRO for the reasons set forth below.

## II.    LEGAL STANDARD

District courts possess discretion regarding the grant or denial of preliminary relief. *Envtl. Prot. Info. Ctr. v. Carlson,* 968 F.3d 985, 989 (9th Cir. 2020). The standard for issuing a TRO proves "essentially identical" as that for issuing a preliminary injunction. *Don't Shoot Portland v. City of Portland*, 465 F. Supp. 3d 1150, 1154 (D. Or. 2020) (internal citations omitted). A party seeking a TRO must establish the following four elements: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of a TRO, (3) that the balance of equities tips in their favor, and (4) that a TRO is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit evaluates the above factors under a sliding scale. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). A stronger showing on one factor

3

may offset a weaker showing on another. *Id*. at 1132. A preliminary injunction is "an extraordinary and drastic remedy" and "should not be granted unless the movant, by clear showing, carries the burden of persuasion. *Lopez v. Brewer*, 680 F.3d 1068, 1072. (9th Cir. 2012).

## III.   DISCUSSION

### A. Parties' Arguments

#### 1. Plaintiffs

Plaintiffs urge the Court to grant their Motion for a TRO, arguing that although Defendants, in response to their lawsuit, announced they would correctly reclassify staff as hourly and eliminate the $4/hour rate for "on call" pay, so that they are paid properly for on duty time, they also implemented retaliatory changes. (Doc. 35, pp. 6-7).  These retaliatory changes included mandatory 12-hour shifts only (no consecutive shifts allowed); reduced hours from 40 to 36 per week with no overtime opportunity; required on-site presence for entire shifts (eliminating previous 5-minute radius flexibility); unrealistic staffing plans; and threats of insubordination against the EMS Director (Mr. Peters) for not immediately implementing changes. (Id., pp. 7-11).

Plaintiffs argue these changes constitute FLSA retaliation and seek a TRO to block implementation. They argue they meet all the *Winter* factors as follows:

4

1.  Likely success - The proposed changes are clearly retaliatory responses to protected activity;

2.  Irreparable harm - Retaliation itself causes irreparable harm as staff will resign;

3.  Balance of equities - Defendants suffer no hardship from complying with the law;

4.  Public interest - Wage and hour law compliance serves public welfare.

(Id., pp. 14-18).

Plaintiffs further argue that the FLSA has its own injunctive relief provision, 29 U.S.C. § 217, and contends that based upon this provision the Plaintiffs are not required to meet the *Winter* elements for injunctive relief citing *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 827 (9th Cir. 2001). (Id., pp. 12-13).

### 2.  **Billings Clinic**

Billings Clinic argues Plaintiffs haven't adequately proven it is their employer. (Doc. 41, p. 2). As such, and because all actions were taken by SMHA, the Motion for TRO does not apply to it. (Id. pp. 3-5). Additionally, Billings Clinic argues that the changes SMHA made aren't retaliatory. (Id., pp. 16-19). Rather, Billings Clinic argues the changes are being made to ensure compliance with wage laws. (Id.). Billings Clinic further argues that because Plaintiffs haven't provided the Court with

a complete analysis of the alleged FLSA retaliation claims, they have failed to establish a likelihood of success on merits. (Id.).

Billings Clinic further argues Plaintiffs have not demonstrated irreparable harm as any adverse employment action can be remedied with monetary damages. (Id., pp. 23-24). Also, the balance of equities weighs in favor of SMHA, who Plaintiffs attempt to tie to Billings Clinic, because SMHA's actions were done to comply with the law. (Id., pp. 24-25). Finally, regarding public interest support, Billings Clinic argues that Plaintiffs address the impact of a TRO on non-parties rather than parties to this case. (Id., p.26).

Billings Clinic also counters Plaintiffs' argument that based on *Silver Sage Partners* they are not required to meet the four elements established by *Winter*. Billings Clinic contends that *Silver Sage Partners* has not been good law since the United States Supreme court's opinion in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). (Id., p. 13).

### 3. **SMHA and Nelson**

SMHA and Nelson argue that Plaintiffs Motion for TRO seeks to block SMHA from implementing new scheduling and pay policies implemented to address the concerns raised in Plaintiffs' Amended Complaint. ( Doc. 42, p. 23). SMHA and Nelson argue that Plaintiffs are required to meet the *Winter* factors and agree with Billings Clinic that Plaintiffs' reliance on *Silver Sage Partners* is misplaced. (Id at

p. 22.). SMHA and Nelson further argue Plaintiffs are seeking a preliminary injunction that does not arise from the alleged statutory violations in the Amended Complaint and, as such, Plaintiffs are required to show each of the four *Winter* factors. (Id.).

SMHA and Nelson further argue the policy changes SMHA made are not retaliatory but rather address the Plaintiffs' complaints to ensure compliance with federal and state law. (Id. at p. 24). Also, SMHA and Nelson argue Plaintiffs have no right to dictate their legal working conditions. (Id. at p. 28). Given these arguments, SMHA and Nelson conclude Plaintiffs are not likely to succeed on the merits. (Id.).

SMHA and Nelson also argue there is no irreparable harm as Plaintiffs will receive what they requested in their Complaint (proper compensation for hours worked). (Id. at p.29).  SMHA and Nelson also argue the balance of equities do not tip in Plaintiffs' favor as they are trying to have it both ways by demanding on-duty pay while maintaining on-call privileges. (Id. at p. 31). Finally, SMHA and Nelson argue Plaintiffs have not established public interest support because they have no legitimate interest in preventing SMHA from making reasonable changes to Plaintiffs' schedules and pay structure to ensure compliance with applicable laws and SMHA's policies and practices applicable to all other employees. (Id.).

7

**B. Court's Analysis**

Initially, in *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814 (9th Cir. 2001), the court recognized that in the Ninth Circuit where it has been established that the defendant violated a statute which specifically provides for injunctive relief, a future violation and irreparable harm should be *presumed* when deciding a request for injunctive relief. *Id.* at 827 (emphasis added). However, *Winter* was decided after *Silver Sage Partners* and it provides for no such presumptions in relation to its four-prong test for obtaining a temporary restraining order. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Therefore, Plaintiffs bear the burden of establishing the four *Winters* factors.

Turning to the *Winters* factors, Plaintiffs have not established that SMHA's new policies were implemented in retaliation as opposed to remedy the issues Plaintiffs alleged in their Complaint. Next, Plaintiffs have not established *irreparable* harm. The claimed harm is Plaintiffs resigning from their positions of employments. However, this harm is economic in nature and "economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015). Further, the equities do not weigh in Plaintiffs' favor as Defendants should be allowed to defend against Plaintiffs' claim of alleged retaliation. Finally, the court is unpersuaded by Plaintiffs' argument that compliance with wage and hour law

8

establishes the public interest factor because the question of whether Defendants new policies bring them into compliance with the FLSA and Montana Wage Act remains in dispute.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED Plaintiffs' Motion for Temporary Restraining Order and Motion for Preliminary Injunctive Relief (Doc. 34) are **DENIED.**

DATED this 6th day of April 2025.

John Johnston
United States Magistrate Judge

9